UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE EDWARD CLARK,

    Petitioner,

v.

BONITA HOFFNER,

    Respondent,
_____/

Civil No. 2:16-CV-11959
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE AND DENYING WITHOUT PREJUDICE THE MOTIONS FOR AN EVIDENTIARY HEARING AND FOR IMMEDIATE RELEASE FROM CUSTODY**

George Edward Clark, ("Petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree felony murder, M.C.L.A. 750.316. Petitioner filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to exhaust his claim. The Court holds the petition in abeyance and stays the proceedings under the terms outlined below in the opinion to permit Petitioner to return to the state courts to exhaust his claim. The Court administratively closes the case. The Court denies without prejudice the motions for an evidentiary hearing and for immediate release from custody.

**I. Background**

1

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. After exhausting his state court remedies, Petitioner filed a petition for writ of habeas corpus, which was denied. *Clark v. Romanowski*, No. 08-10523, 2010 WL 3430782 (E.D. Mich. Aug. 30, 2010), *aff'd*, 472 Fed. Appx. 348 (6th Cir. 2012).

Petitioner filed with the United States Court of Appeals for the Sixth Circuit a motion for an order authorizing the district court to consider a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). Petitioner's motion was based in part on an affidavit from Ms. Keneka Jackson, dated August 10, 2015. Ms. Jackson is the daughter of a detective with the Inkster Police Department. Ms. Jackson avers that she witnessed a dark skinned African-American man forcing the victim into the woods at gunpoint before hearing gunshots. Ms. Jackson claims that Petitioner was not the shooter. Ms. Jackson claims that she told her father what she had seen and heard, but that he informed her that he would take care of the matter and ordered her to keep quiet so as not to put her life in danger. Petitioner claims that the prosecutor and police withheld this evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), which requires that any exculpatory evidence be disclosed to a criminal defendant. The Sixth Circuit granted Petitioner permission to file a second habeas petition based on this newly discovered evidence. *In Re Clark,* No. 15-2156 (6th Cir. Mar. 28, 2016).

On May 25, 2016, Petitioner filed the petition for writ of habeas corpus. [1]

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner actually filed his habeas petition on May 25, 2016, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

Petitioner filed a motion to hold the petition in abeyance so that he can return to the state courts to exhaust his claim. Petitioner also filed motions for an evidentiary hearing and to be released from custody.

### A. The motion to hold the petition in abeyance is GRANTED.

The instant petition is subject to dismissal, because Petitioner, by his own admission, did not exhaust his claim with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001)(internal citations omitted).

The Court's only concern in dismissing the current petition involves the possibility that Petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claim in the state courts.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of

limitations could file a "protective" petition in federal court, as Petitioner has done, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claim does not appear to be "plainly meritless." *Wagner v. Smith,* 581 F. 3d at 419.  Petitioner has shown good cause for failing to raise this claim sooner because it is based on newly discovered evidence. *See e.g. Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014).   Petitioner has not engaged in "intentionally dilatory tactics." *Rhines*, 544 U.S. at 278.  The mere fact that Petitioner's sole claim is unexhausted does not prevent this Court from holding his petition in abeyance because "the Supreme Court has indicated that a petitioner may file a "protective" petition meriting a stay under Pace (sic) even where only unexhausted claims are at issue." *Heleva v. Brooks,* 581 F. 3d 187, 192 (3rd Cir. 2009).

Petitioner previously filed a post-conviction motion for relief from judgment. Pursuant to MC.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282

(1998)). However, MC.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01. Because there is some likelihood that the Michigan courts might permit Petitioner to file a successive post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception contained in M.C.R. 6.502(G)(2), a procedural bar to Petitioner filing such a successive motion is not clearly applicable, therefore, this Court grants Petitioner a stay of proceedings to permit him to attempt to exhaust the claim contained in his subsequent motion for relief from judgment with the state courts. *See Banks,* 149 Fed. Appx. at 419-20.

This Court "should exercise caution in finding that" 6.502(G) would bar Petitioner from presenting these claims to the Michigan courts. *Banks,* 419 Fed. Appx. at 418. "Because it is at least debatable whether the Michigan courts would entertain this claim on a second or successive motion for state postconviction relief," *Id.,* based on one of the exceptions contained in M.C.R. 6.502(G)(2), particularly the newly discovered evidence exception, a procedural bar to such a second motion is not clearly applicable; this Court grants Petitioner a stay of proceedings to permit him to attempt to exhaust the claim contained in his second motion for relief from judgment with the state courts. *Id.* at 419-20; *See also Cunningham,* 756 F. 3d at 485-87.

However, even where a district court determines that a stay is appropriate pending

exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court imposes upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within ninety days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within ninety days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Id.,* at 781 (internal quotation omitted).

Petitioner's method of properly exhausting his claim in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claim or claims that he raises in this post-conviction motion, for the purpose of

seeking habeas review. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### B.  The motion for an evidentiary hearing is DENIED WITHOUT PREJUDICE.

Petitioner moved for an evidentiary hearing.

Petitioner's request for an evidentiary hearing is premature because he has not yet exhausted his claim with the state courts. *See e.g. Alley v. Bell,* 307 F. 3d 380, 388-90 (6th Cir. 2002).  The motion is denied without prejudice.

### C.  The motion for immediate release from custody is DENIED WITHOUT PREJUDICE.

Petitioner moved for immediate release from custody.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006).  There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79.  Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984).  By implication, a federal court should not grant bail under other circumstances.  In addition, it is improper to admit a habeas petitioner to bail prior to the exhaustion of state remedies absent the showing of extraordinary circumstances. *Lucas v. Hadden*, 790 F. 2d 365, 367-68 (3rd Cir. 1986).  Accordingly, the Court denies

Petitioner's request for release on bond without prejudice.

### III.  ORDER

The Court **ORDERS** the following:

(1)  Petitioner may file a motion for relief from judgment with the state court within **ninety (90) days of receipt of this Court's order.**  If Petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss his petition without prejudice.

(2)  If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case will then be held in abeyance pending the Petitioner's exhaustion of the claims. Petitioner shall re-file a habeas petition within **ninety (90) days after the conclusion of the state court post-conviction proceedings under the same caption and case number**.

(3)  To avoid administrative difficulties, the Clerk of Court is to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

(4)  Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

(5)  Petitioner's motions for an evidentiary hearing [Dkt. # 3] and for immediate

release [Dkt. # 4] are denied without prejudice.

                                                                    S/Victoria A. Roberts
                                                                    **HON. VICTORIA A. ROBERTS**
                                                                    **UNITED STATES DISTRICT JUDGE**

Dated: June 15, 2016